UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AOL LLC and PLATFORM-A, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ADVERTISE.COM, INC. f/k/a INTERNEXT MEDIA CORP., <br><br> Defendant. | CASE NO. 1:09CV910-LMB/TCB <br><br> **DEMAND FOR JURY TRIAL** |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION TO ENJOIN ADVERTISE.COM FROM
PROCEEDING WITH ITS COMPETING, LATER-FILED ACTION
PENDING IN THE CENTRAL DISTRICT OF CALIFORNIA**

Plaintiffs AOL LLC ("AOL LLC") and Platform-A, Inc. ("Platform-A") (collectively referred to as "AOL") submit this memorandum of law in support of their motion to enjoin defendant Advertise.com, Inc. f/k/a Internext Media Corp. (hereinafter referred to as "Advertise.com") from proceeding with its competing, later-filed action pending in the Central District of California.

**RELEVANT FACTS**

On August 17, 2009 at 8:38 a.m. Eastern (5:38 a.m. Pacific) time, AOL filed a Complaint for Damages and for Injunctive Relief in this court against Advertise.com for federal trademark infringement and unfair competition and for common law trademark infringement and unfair competition based upon Advertise.com's infringement of AOL's federally-registered

ADVERTISING.COM name and mark and its infringement of AOL's AD.COM mark.[1] On the same day, at 12:56 p.m. and 12:59 p.m. Eastern (9:56 a.m. and 9:59 a.m. Pacific) time, AOL's counsel emailed and faxed to Advertise.com's counsel a copy of the complaint in the Virginia Action along with a cover letter demanding that Advertise.com cease use of the infringing ADVERTISE.COM designation.[2] Advertise.com's counsel reviewed the email at 12:57 p.m. and received the facsimile at 1:01 p.m. Eastern (9:57 a.m. and 10:01 p.m. Pacific) time, respectively.[3]

Also on the same day, at 11:04 a.m. Pacific (2:04 p.m. Eastern) time, about five and a half hours after the filing of the Virginia Action, and one hour after receiving and reviewing such filing, Advertise.com filed a competing action in the Central District of California for Declaratory Relief, Trademark Invalidity, and Interference with Prospective Economic Advantage (the "California Action").[4] The California Action contains exactly the same parties and raises issues intertwined with those raised by AOL in the first-filed Virginia Action, namely whether Advertise.com's use of the ADVERTISE.COM designation constitutes trademark infringement and unfair competition. On August 17, 2009 at 4:32 p.m. Eastern (1:32 p.m. Pacific) time, three and a half hours after receiving and reviewing the Virginia Action, Advertise.com's counsel emailed AOL's counsel a copy of the complaint in the California

---

[1] A true and accurate copy of the Complaint filed in the present action (the "present case" or the "Virginia Action") is attached as Exhibit 1.  Notably, AOL's principal place of business is 22000 AOL Way, Dulles, Virginia 20166, which is in this District and Division.  Virginia Action Complaint ¶¶ 2-3.

[2] True and accurate copies of the emailed and faxed communications to Advertise.com's counsel are attached as Exhibit 2.

[3] True and accurate copies of the proof of receipt of the fax and email communications are attached as Exhibit 3.

[4] A true and accurate copy of the Complaint filed in the California Action is attached as Exhibit 4.  Advertise.com alleges in its Complaint filed in the California Action that its principal place of business is within the Central District of California.  California Action Complaint ¶ 6.

Action,[5] setting the stage for this motion to enjoin Advertise.com from proceeding with its later-filed California Action.

## ARGUMENT

I. **The First-To-File Rule Dictates Enjoining Advertise.com From Pursuing the Later-Filed California Action**

    A. **This Court Has the Authority to Enjoin Advertise.com From Pursuing the California Action**

It is well-settled that a federal district court has authority to enjoin parties before it from bringing or continuing parallel, duplicative proceedings in other courts. *See Learning Network, Inc. v. Discovery Commc'ns, Inc.*, No. 01-1202, 2001 U.S. App. LEXIS 11881, *2 (4th Cir. June 7, 2001) (affirming injunction prohibiting prosecution of the second-filed action); *Cresta Blanca Wine Co. v. Eastern Wine Corp.*, 143 F.2d 1012, 1014-15 (2d Cir. 1944) (reversing denial of injunction and remanding with instructions to stay further prosecution of second-filed suit); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843-844 (9th Cir. 1986). It similarly is well-established that the first court in which jurisdiction over the subject matter of a controversy attaches has priority to adjudicate the case. *See Carbide & Carbon Chem. Co. v. U.S. Indus. Chem., Inc.*, 140 F.2d 47, 49 (4th Cir. 1944) ("[o]rdinarily, the court first acquiring jurisdiction of a controversy should be allowed to proceed with it without interference from other courts under suits subsequently instituted"); *see also BuddyUSA, Inc. v. Recording Indus. Assoc. of Am.*, Nos. 01-7760(L), 01-7761(Con), 2001 U.S. App. Lexis 21871 (2d Cir. Oct. 11, 2001) (affirming injunction prohibiting prosecution of second-filed action); *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1004 (8th Cir. 1993) (court in first-filed action has discretionary power to enjoin parties from proceeding with later-filed proceeding); *Exxon Chem. Patents, Inc.*

---

[5] A true and accurate copy of the email communication to AOL's counsel is attached as Exhibit 5.

*v. Lubrizol Corp.,* 935 F.2d 1263, 1271 (Fed. Cir. 1991) (affirming injunction prohibiting prosecution of the second-filed action); *City of N.Y. v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991) (affirming lower court's injunction prohibiting parties from prosecuting later-filed action in California); *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843-44 (9th Cir. 1986) (affirming Montana district court's enjoining of later-filed Illinois action as proper); *Bryant v. Oxxford Express, Inc.*, 181 F. Supp.2d 1045 (C.D. Cal. 2000) (enjoining defendant from pursuing second-filed case pending in district court in New Jersey).

*Learning Network* and *Bryant* are particularly instructive. In *Learning Network*, the U.S. District Court for the District of Maryland, applying the first-to-file rule, granted plaintiff's motion for an injunction and denied defendant's motion to dismiss, enjoining defendant from proceeding with its second-filed trademark infringement action in the Southern District of New York. The Fourth Circuit affirmed this decision. *Learning Network*, 2001 U.S. App. LEXIS 11881 at *13. In *Bryant*, basketball star Kobe Bryant brought a motion in the U.S. District Court for the Central District of California, his home jurisdiction, to enjoin Oxxford Express from pursuing a similar, second-filed action against him in the U.S. District Court for the District of New Jersey. Oxxford filed a counter motion to transfer the California action to New Jersey. The court followed the first-to-file rule, determined no exceptions applied, and allowed Bryant to litigate the case in his chosen home forum by enjoining Oxxford's prosecution of its action against Bryant in New Jersey and denying Oxxford's motion to transfer. *Bryant*, 181 F. Supp.2d at 10.

Just as in *Learning Network* and *Bryant*, among many other federal court decisions, this court has the power and ample authority to enjoin Advertise.com from proceeding with its later-

4

filed California action to prevent duplicative actions and a waste of judicial resources as well as the resources of the litigants. That authority should be invoked here.

        B.      **The First-To-File Rule Applies to the Present Virginia Action**

Under the first-to-file doctrine, the federal court in which the claim was filed first is given priority and a "strong presumption" of jurisdiction absent a showing of a balance of convenience, or, in some circuits outside of the Fourth Circuit, upon a showing of "special circumstances." *Learning Network*, 2001 U.S. App. LEXIS 11881 at *8 (citing *Ellicott Mach. Corp. v. Modern Welding Co., Inc.*, 502 F.2d 178, 180 n.2 (4th Cir. 1974)); *see Volvo Constr. Equip. of N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 594 (4th Cir. 2004); *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982); *800-Flowers, Inc. v Intercontinental Florist, Inc.*, 860 F. Supp. 128, 131 (S.D.N.Y. 1994) ("[g]enerally, there is a strong presumption in favor of the forum of the first-filed suit"). "The first-to-file rule was developed to 'serve the purpose of promoting efficiency well and should not be disregarded lightly,'" *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (citation omitted), even when the two competing actions were filed close together in time. *See Christian Broad. Network, Inc. v. Busch*, No. 2:05cv558, 2006 U.S. Dist. LEXIS 1868, *4 (E.D. Va. Jan. 9, 2006) (finding first-to-file rule applicable to parallel actions filed within one day apart); *see also Lab. Corp. v. Chiron Corp.*, 384 F.3d 1326, 1332-33 (Fed. Cir. 2004) (district court did not err in applying first-to-file rule to enjoin the second-filed suit where parties' filings were only four hours apart); *Intuitive Surgical, Inc. v. Cal. Inst. of Tech.*, No. C07-0063-CW, 2007 U.S. Dist. LEXIS 31753, *7-8 (N.D. Cal. Apr. 18, 2007) (finding first-to-file rule applicable to actions filed within hours of one another on the same day, and requiring deference to first-filed court).

Courts consider three threshold factors when applying the first-to-file rule: (1) chronology of the two actions; (2) similarity of the parties; and (3) similarity of the issues concerning the parties' respective rights and obligations. *Old Republic Nat. Title Ins. Co. v. Transcontinental Title Co.*, 2007 WL 2915171, 3 (E.D. Va. 2007) ("[i]n considering whether to apply the first to file rule, the Court must determine if the two pending actions in question are 'so duplicative or involve such substantially similar issues that one court should decide the subject matter of both actions.'"); *Christian Broad. Network*, 2006 U.S. Dist. LEXIS 1868 at **13-14 (two cases need not be "mirror images" to constitute parallel actions for purpose of application of the first-to-file rule); *Alltrade*, 946 F.2d at 625; *Pacesetter*, 678 F.2d at 95; *Bryant*, 181 F. Supp. 2d at 1048.

In *Christian Broadcasting Network*, Judge Jackson applied the first-to-file rule to a later-filed declaratory judgment action notwithstanding that it and the first-filed action – pending in the District Court of Dallas County, Texas – were not perfect "mirror" images of each other and were filed one day apart. *Christian Broad. Network*, 2006 U.S. Dist. LEXIS 1868 at *14 ("[e]ssentially, Plaintiffs wish for this Court to determine if Plaintiffs have misused Defendant's image and have any obligation to compensate Defendant for his appearance on The 700 Club or the use of his name and likeness in connection with 'Pat's Shake.' These are the same issues underlying [the] claims in the Texas action").

In *Pacesetter Systems*, the same parties to a patent infringement suit brought similar, competing actions in federal courts in Florida and California to determine the validity of patents regarding pacemakers. 678 F.2d at 94. The California district court declined to exercise jurisdiction over the second-filed action and dismissed it based upon the first-to-file rule. This dismissal was upheld by the Ninth Circuit. *Id.* In so holding, both the district court and the

6

Ninth Circuit found it significant that the first-filed Florida action was brought by the holder of the patent against the alleged infringer (while the California action was brought as a declaratory action by the alleged infringer). *Id*. at 95.[6]

In this case, as in *Christian Broadcasting Network,* a comparison of the complaints filed in the Virginia Action and California Action conclusively establishes that: (1) the Virginia Action was filed before the California Action; (2) both actions involve exactly the same parties, namely, AOL LLC and Platform-A, on the one hand, and Advertise.com, on the other hand; and (3) both actions involve similar fundamental issues concerning whether Advertise.com's use of the ADVERTISE.COM designation infringes upon AOL's ADVERTISING.COM and AD.COM marks.[7] Moreover, like in *Pacesetter Systems,* the first-filed action here is the infringement case filed by the actual owners of the marks at issue – AOL – whereas this second-filed action was brought by the alleged infringer of the marks – Advertise.com – seeking a declaration regarding its use of the allegedly infringing ADVERTISE.COM designation. Accordingly, the application of the first-to-file rule in this case dictates enjoining Advertise.com from pursuing its second-filed California Action so that the present case can proceed to judgment.

---

[6] Other cases have similarly found that, notwithstanding the first-to-file rule, the infringement action should be given deference over the declaratory judgment action in a forum battle. *See, e.g., Xoxide, Inc. v. Ford Motor Co.*, 448 F. Supp. 2d 1188, 1193 (C.D. Cal. 2006) ("'[w]here … the declaratory judgment action is filed in anticipation of an infringement action, the infringement action should proceed,' even when filed later") (collecting cases).

[7] Any new or additional affirmative relief Advertise.com may wish to pursue that is not already explicitly brought in the Virginia Action's complaint can still be sought through the filing of a counterclaim in the Virginia Action. In addition, as for the counts in the California Action that are not "mirror images" of the Virginia Action, those counts are subject to dismissal under Rule 12(b)(6). For example, Counts III and VI in the California Action seeking Declaratory Relief of No Trademark Dilution under the federal law and Cal. Bus. & Prof. Code § 14330, *et seq.*, are not ripe because <u>AOL has neither threatened any federal or state trademark dilution claims nor asserted such claims in the first-filed Virginia Action</u>. *See* Ex. 1 and Ex. 4 at Exhibit A attached thereto.

**II.     No Exception Prevents the Application of the First-to-File Rule To This Case**

   **A.     The Burden is on Advertise.com to Prove Any Exception to First-to-File Rule**

The first-to-file rule gives priority and a strong presumption to the first-filed suit absent a showing by the second-filed plaintiff – here, Advertise.com – that an exception to this rule should apply.  *Volvo,* 386 F.3d at 594-5; *Learning Network,* 2001 U.S. App. LEXIS 11881; *Ellicott,*, 502 F.2d at 180 n. 2; *800-Flowers*, 860 F. Supp. at 132-34; *Berisford Capital Corp. v. Central States, S.E. & S.W. Areas Pension Fund*, 677 F. Supp. 220, 222 (S.D.N.Y. 1988) ("[t]his so-called 'first-filed' rule acts as a 'presumption' that may be rebutted by proof of the desirability of proceeding in the form of the second-filed action").  The only exception to the first-to-file rule that the Fourth Circuit has recognized is where the balance of convenience weighs heavily in favor of the second-filed court.  *Learning Network*, 2001 U.S. App. LEXIS 11881 at *8 (further recognizing that, while courts outside of the Fourth Circuit have sometimes found that "special circumstances" form an exception to the first-to-file rule, the Fourth Circuit has not explicitly recognized such an exception); *Volvo,* 386 F.3d at 594-95.

In *Berisford,* the court found that the second-filed plaintiff did not meet its burden:

> While in some ways this is a close case, I nevertheless conclude that Berisford has not succeeded in overcoming the presumption that favors the first-filed rule.  At best, Berisford has shown "an even or inconclusively tilted 'balance of convenience' [that] would ordinarily support application of the first-filed rule."

*Berisford*, 677 F. Supp. at 222 (internal citation omitted).  Likewise, Advertise.com cannot meet its burden of proving that a balance of convenience should upset the presumptive application of the first-to-file rule in this case.

B.  **The Balance of Convenience Weighs In Favor of This Court Retaining Jurisdiction and Preventing Advertise.com From Proceeding in California**

As in *Learning Network*, in this case the balance of convenience factors do not overcome the presumption in favor of the first-filed action. *Learning Network*, 2001 U.S. App. LEXIS 11881 at *12 (affirming lower court's ruling that balance of convenience exception to the first-file rule inapplicable because factors favor both fora). These factors, similar to those looked at in a motion to transfer based upon 28 U.S.C. § 1404(a), can include:

> (1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access of sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interest of justice, based on the totality of the circumstance.

*800-Flowers,* 860 F. Supp. at 133.

In this analysis, the first-filed plaintiffs' choice of forum is entitled to substantial weight. *800-Flowers,* 860 F. Supp. at 135; *Ralph v. Long*, No. DKC 99-3281, 2001 U.S. Dist. LEXIS 8197, **6-7 (D. Md. June 14, 2001); *Hester Ind., Inc. v. Stein, Inc.*, No. 96-719-A, 1996 U.S. Dist. LEXIS 19926, *11 (E.D. Va. Oct. 3, 1996). This is particularly true when – like here – that forum is the plaintiffs' home district. *Hester*, 1996 U.S. Dist. LEXIS 19926 at *11. And courts are reluctant to disturb the original plaintiffs' choice of forum absent very compelling factors. *Id*. ("[p]laintiff's choice of forum is entitled to substantial weight, and should be abandoned only if [d]efendant can show that it is 'clearly outweighed by other factors'") (citation omitted); *Holland v. Psychological Assessment Res., Inc.*, No. CCB-04-437, 2004 U.S. Dist. LEXIS 7922, *6 (D. Md. April 27, 2004) (ordinarily a plaintiff is entitled to select its forum unless significant factors of convenience deny the plaintiff its choice).

This exception to the first-filed rule should not be applied where, "[a]s is often the case, there are factors counseling in favor of both fora." *Learning Network,* 2001 U.S. App. LEXIS 11881 at *13. In the present case, AOL filed this action first in its home District, while Advertise.com filed its action second in its home District, likely making it a wash between where witnesses and documents are located. Thus, the first-to-file presumption, the deference given to the plaintiffs' choice of forum – particularly plaintiffs' home District – and the interests of justice in allowing AOL to advance their affirmative trademark infringement allegations as the plaintiffs in this case all weigh in favor of proceeding with the first-filed Virginia Action, and weigh against the application of any exception to the first-to-file presumption.

## CONCLUSION

For the reasons set forth above as well as those in the accompanying motion, AOL respectfully requests that this Court enter an order enjoining Advertise.com from proceeding with the California Action.

DATED: August 25, 2009

Respectfully submitted,

AOL LLC and PLATFORM-A, INC.

By Counsel

/s/ Robert M. Tyler

Brian C. Riopelle (VSB # 36454)
Robert M. Tyler (VSB #37861)
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
Telephone:   (804) 775-1000
Facsimile:   (804) 775-1061
briopelle@mcguirewoods.com
rtyler@mcguirewoods.com

Jodie Herrmann (VSB #73035)
McGuireWoods LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia 22102
Telephone:   (703) 712-5438
Facsimile:   (703) 712-5282
jherrmann@mcguirewoods.com

Lee J. Eulgen (admitted *pro hac vice*)
Sarah E. Smith (admitted *pro hac vice*)
Hillary I. Schroeder (admitted *pro hac vice*)
NEAL, GERBER & EISENBERG LLP
2 N. LaSalle Street, Suite 1700
Chicago, Illinois 60602-3801
Telephone:   (312) 269-8000
Facsimile:   (312) 269-1747

Attorneys for Plaintiffs
AOL LLC and PLATFORM-A, INC.

**CERTIFICATE OF SERVICE**

  I certify that on August 25, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a Notification of Electronic Filing (NEF) to the registered participants identified on the NEF, and I will send electronic copies to a private process server for service upon:

  Advertise.Com, Inc. f/k/a Internext Media Corp.
  Serve:  Eva M. Yomtobian or other authorized agent
  15303 Ventura Boulevard, Suite 220
  Sherman Oaks, CA  91403

              /s/ Robert M. Tyler
              Robert M. Tyler (VSB #37861)
              Attorney for Plaintiffs
              McGuireWoods LLP
              One James Center
              901 East Cary Street
              Richmond, Virginia 23219-4030
              Telephone: (804) 775-1000
              Facsimile: (804) 775-1061
              rtyler@mcguirewoods.com